Roy J. Coffman v. Commissioner.
Coffman v. Commissioner
Docket No. 59820.
United States Tax Court
T.C. Memo 1957-80; 1957 Tax Ct. Memo LEXIS 173; 16 T.C.M. (CCH) 353; T.C.M. (RIA) 57080; May 17, 1957
*173 Commissioner's disallowance of alleged travel expense sustained. Cost of carpenter overalls and laundry of same disallowed as a business expense. Malcolm E. Rosser, Esq., for the petitioner. T. W. Sommer, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Petitioner, a carpenter by trade, filed his individual income tax return for 1954 with the district director of internal revenue for the district of Oklahoma. Respondent disallowed deductions for travel expense in the amount of $1,001.75, for cost of overalls in the amount of $42 and for laundry of the same in the amount of $20. There was a pro forma adjustment in medical expenses with the resulting deficiency of $220.76. The facts are substantially as set out in the following paragraphs. The claim for travel expense is itemized in the return as follows: (1) Job Constant Const. Co. Inc.,
Lawrence, Kansas
Period Assigned: From Jan 1, to
March 26
Travel Expense: Meals & Lodging: 12 Wks. at
$20.00
$ 240.00
(2) Job M. W. Watson Gen. Contr.,
Lawrence, Kansas
Period Assigned: From Mar. 31 to
Oct. 20
Travel Expense: Meals & Lodging: 29 Wks. at
$20.00
580.00
(3) Job Hess Constr. Co. Inc., Topeka,
Kansas
Period Assigned: From Oct. 29 to
Dec. 31
Travel Expense: From Lawrence, Kansas to
Topeka, Kansas
1.75
Meals & Lodging: 9 Wks at
$20.00
180.00
TOTAL TRAVEL EXPENSE
$1001.75
*174 [Findings of Fact] Petitioner went from Muskogee, Oklahoma, to Lawrence, Kansas, on Labor Day in September 1953, to work as a carpenter for the Constant Construction Company in the erection of a dormitory at Kansas University. He was referred to the Lawrence employment by the carpenters' union at Muskogee, Oklahoma. While working at Lawrence, he withdrew from the carpenters' union at Muskogee, Oklahoma, and affiliated with the union at Lawrence, Kansas, paying dues thereto. He worked at Lawrence, Kansas, for the Constant Construction Company from September 1953 to March 1954. When the Constant Construction Company job was finished in March 1954, he accepted an invitation from the superintendent to go to work for the Watson Construction Company. He worked as a carpenter for the Watson Construction Company on a dormitory at Lawrence, Kansas, from March 1954 to October 1954. When the Watson Construction Company job at Lawrence, Kansas, was completed, petitioner reported to the local carpenters' union in Lawrence and was sent by it to Topeka, Kansas, to work for the Hess Construction Company. Petitioner worked as a carpenter for the Hess Construction Company on a housing project *175 at Topeka, Kansas, from October 1954 to December 31, 1954. Petitioner's family, consisting of his wife and two children, lived with him in Kansas from September 1953 to the end of 1954 in a rented house on a farm near Baldwin, Kansas, which is 10 miles from Lawrence. Two weeks after petitioner went to work for the Hess Construction Company in Topeka, Kansas, he moved his family from Baldwin to Topeka, where he and his wife and two children lived until the end of 1954. In 1954 petitioner owned three automobiles on which he carried Kansas license plates. Petitioner and his wife also obtained Kansas driver's licenses in 1954. In his tax return for 1954, petitioner claimed uniform expense in the amount of $42 and laundry expense in the amount of $20. The $42 deduction was for work clothes consisting of carpenter overalls which he wore throughout the year 1954 while working on the three jobs in Lawrence and Topeka, Kansas. He testified that he wore overalls so he would have a place to carry his tools and nails. None of petitioner's employers in 1954 required petitioner to wear uniforms or to have any kind of an insignia on his overalls. Petitioner claims to have spent $20 for *176 laundry of such work clothes. The record does not reveal the number of pairs of overalls purchased or the amount paid per pair. Nor does it indicate the details of the laundry charge. [Opinion] The above facts indicate that petitioner's work was of indefinite duration, not merely temporary. In the case of the Lawrence jobs he rented a house reasonably close to the job and moved his family to such house. He also rented a house in Topeka. He withdrew from the local union in Oklahoma and affiliated with and paid dues to the local union in Lawrence, Kansas. His automobiles were licensed in Kansas and he and his wife secured Kansas driver's licenses. Thus it is clear to us that petitioner's post of duty and home throughout all of 1954 were in Kansas and that his living expenses do not differ from those of any other workman on a job. In no sense was petitioner in a travel status during 1954. The expenses were personal in nature and not deductible. See . As to the "uniform" expense, there is no evidence that the overalls which petitioner purchased were especially required by the employers. The overalls were referred to in the petition *177 as work clothes and no claim was made therein that the overalls were uniforms. They served to protect petitioner's ordinary outer clothing from wear and tear. The cost of such clothing and the laundry expense for cleaning same do not constitute deductible expense. Respondent's action in disallowing these items is sustained. Louis M. Roth. ; . The adjustment of the item for medical expenses is purely a mathematical computation consequent on the determination of the other items in the determination of the deficiency. Decision will be entered under Rule 50.